```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
    UNITED STATES,                                             :
                                                               :
                                                               :
                                                               :
                         -v-                                   :          1:14-cr-171-GHW
                                                               :
                                                               :
    LEON WHITFIELD,                                            :               ORDER
                                                               :
                                     Defendant.                :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2021

GREGORY H. WOODS, United States District Judge:

Leon Whitfield and his co-defendant committed a home invasion, in which they savagely beat an elderly man, and took the life of that man's son. The United States originally charged Mr. Whitfield with a series of crimes that made him eligible for the death penalty. Indictment, Dkt. No. 2; First Superseding Indictment, Dkt. No. 7. The Government chose not to pursue the death penalty and ultimately entered into a plea agreement with Mr. Whitfield. On the basis of that plea, the Court sentenced Mr. Whitfield principally to serve 405 months imprisonment—a sentence within the advisory guidelines range agreed to by Mr. Whitfield in his plea agreement. *See generally* Judgment, Dkt. No. 94. Now, Mr. Whitfield has filed a motion, acting *pro se*, in which he requests that the Court release him now, after serving less than eight years of his term of incarceration, principally because of the asserted risk of COVID-19, and the fact that the pandemic has made his most recent period of incarceration particularly challenging. Because the Court does not believe that such a reduction in his sentence would constitute a just punishment or serve the goals of personal and general deterrence, and for the other reasons set forth below, the Motion is denied.

Mr. Whitfield's motion requests that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 108 (the "Motion"). The Motion presents several arguments in support of his application. First, he focuses on his health conditions and the incremental risk

associated with COVID-19 as the basis for the Court to find "extraordinary and compelling" circumstances that would support his release. He argues that the difficult conditions in which he has served his sentence as a result of the pandemic also justify his early release. Third, Mr. Whitfield argues that his youth at the time that he committed his crime is an "extraordinary" factor that warrants reconsideration of his sentence. Fourth, he argues that the inclusion of his convictions for possession of marijuana, which has been recharacterized since the date of his sentencing by the State of New York, should support a change in his sentence. And finally, Mr. Whitfield points to his efforts to rehabilitate himself while incarcerated.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

In his Motion, Mr. Whitfield asserts that he made a request to the warden of his facility for compassionate release and that it was denied. Motion at 2. Therefore, the Court accepts that Mr. Whitfield has satisfied the statutory preconditions to his application.

As described further below, Mr. Whitfield has not made the required threshold showing of extraordinary and compelling reasons for his release, but even if he had, his early release would not be warranted because, in evaluating the § 3553(a) factors here, the Court does not believe that a further reduction in Mr. Whitfield's sentence is warranted—particularly in light of the terrible nature of Mr. Whitfield's crime. As the Court described at sentencing, the defendant's crime was an atrocity. Tr. 70:22. Mr. Whitfield and his co-defendant forced their way into the home of their victims' family. At sentencing, the Court described some of the details of what ensued:

> There was a struggle. And, during that struggle, Mr. Whitfield and Mr. Burroughs beat Mr. Antoniello, a 62-year-old innocent, a cancer survivor coming home on what was for him just another day with his family.
>
> The defendants beat Jerry Antoniello so severely that they knocked out all of his teeth by the root. Mr. Whitfield's fake gun broke with the force of the blows. Mr. Burroughs shot Jerry Antoniello in the back of the head[,] inflicting the mortal wound. . . .
>
> Mr. Burroughs and Mr. Whitfield fled the home. They took nothing.
>
> As we've heard, they left behind them a broken 62-year-old man, his dying son, and the wife and mother who is left to live with that moment and the consequence for her lifetime.
>
> This was an atrocious, meaningless act, an attack on two innocents for the sake of money, some money, that killed one, broke another, and devasted a family and a community.

Tr. 71:22-72:24.

In evaluating the § 3553(a) factors, the Court does not believe that a lesser sentence than that imposed at sentencing would reflect the seriousness of the offense and impose a just punishment. Nor would a lesser sentence meet the need for specific deterrence: as the Court observed at sentencing, "during the years following this crime, [Mr. Whitfield] continued to commit criminal acts, including the sale of drugs. This history, together with his evident willingness to commit a brutal and intrusive crime" led the Court to believe that a substantial sentence was necessary to deter Mr. Whitfield from further crime. *Id.* 80:7-15. This substantial sentence was also appropriate in order to serve the goals of general deterrence. All of these factors continue to weigh very heavily in favor of the sentence originally imposed.

While the defendant's need for medical care has arguably become somewhat greater with the passage of time and the evolution of the COVID-19 pandemic, that factor does not weigh heavily enough to outweigh the other factors considered by the Court. And the defendant's self-reported conduct while incarcerated, which is meritorious, is not of such a nature that it leads the Court to believe that a reduction in his sentence is warranted in light of the heavy weight the Court affords to the need to impose a just punishment and to achieve the goals of personal and general deterrence.

Weighing the 3553(a) factors, a change in Mr. Whitfield's sentence is not appropriate. Fundamentally, Mr. Whitfield's requested modification of his sentence would be far from just, given the serious nature of his crime, and its impact on the Antoniello family and the community. In sum, even if the reasons provided by Mr. Whitfield constituted "extraordinary and compelling" reasons for his release—and, as the Court will describe below, they do not—the Court does not believe that a modification of his sentence is warranted.

The information provided in Mr. Whitfield's Motion is insufficient to meet his burden to demonstrate the existence of exceptional and compelling reasons for his release. Mr. Whitfield points to his hypertension and prediabetic status as a basis for his early release, arguing that they

place him at risk of severe illness as a result of COVID-19. At the same time, Mr. Whitfield is relatively young—he is in an age cohort that has not been associated with a high risk of death or long term health consequences of COVID-19. Indeed, Mr. Whitfield acknowledges that he has survived one bout of COVID-19 while incarcerated. The Court is also aware of the broad availability of vaccinations for COVID-19 in the Bureau of Prisons system. Given those facts, the Court does not find Mr. Whitfield's health concerns to be sufficient to justify a finding that exceptional or compelling reasons exist for his early release. Similarly, that the conditions in prison as a result of the pandemic have been modified to deal with the effects of the pandemic in a way that has made the experience substantially more challenging is not sufficient justification for the Court to find compelling and extraordinary reasons for Mr. Whitfield's release.

While couched as arguments for the Court to find extraordinary and compelling grounds for his early release, Mr. Whitfield's next series of arguments functionally challenge the underlying reasoning behind the Court's sentencing decision. Mr. Whitfield's dissatisfaction with the outcome of his sentencing does not provide an extraordinary and compelling basis for the Court to modify his sentence. Moreover, the issue of the defendant's youth was raised by Mr. Whitfield's counsel at sentencing. *See, e.g.,* Sentencing Transcript, Dkt. No. 98 ("Tr.") ("We've written some in our presentation about why young people, particularly young men, are susceptible for doing stupid and sometimes violent things and why they deserve consideration when they do those things, not because it's okay, but because they are in some ways unformed."). The Court considered those arguments, and the "mitigating factors of youth" fully in sentencing Mr. Whitfield. And the Court also considered the modest nature of some of Mr. Whitfield's prior criminal history at sentencing. Mr. Whitfield sought a downward departure from his criminal history category at sentencing, as a result of the nature of the offenses that gave rise to his criminal history category of II. Tr. 14:20-16:16. The Court acknowledged in sentencing Mr. Whitfield "that the criminal offenses that

5

constitute Mr. Whitfield's criminal history are relatively minor offenses." Tr. 16:17-18. The change in New York State's treatment of marijuana offenses since the date of Mr. Whitfield's sentencing is not an extraordinary or compelling reason to reduce his sentence. The Court applied the law as it existed at the time of sentencing, as agreed to by the defendant in his plea agreement. Dissatisfaction with the law in effect at the time of sentencing, the terms of his plea deal, or the Court's view of the merits of arguments presented by his counsel at sentencing, are not "extraordinary and compelling" reasons for Mr. Whitfield's early release.

In sum, having considered all of the information presented to the Court in connection with the Motion, Mr. Whitfield has not shown extraordinary and compelling reasons for his release, and, in any event, the Court does not believe that a reduction in Mr. Whitfield's sentence is warranted. Accordingly, Mr. Whitfield's Motion is DENIED.

While the Court does not believe that the efforts at rehabilitation described in the Motion merit a modification of Mr. Whitfield's sentence, they are valuable and praiseworthy. The Court stated at sentencing that Mr. Whitfield and his co-defendant "are human beings capable of grace, capable of redemption." Tr. 76:14-15. The Court applauds the steps that Mr. Whitfield reports that he has taken to improve himself while in prison and encourages him to continue those efforts. In his Motion, Mr. Whitfield points to *Miller v. Alabama*, a decision in which the Supreme Court barred the imposition of mandatory life sentences without parole on minors. 567 U.S. 460, 477, 132 S. Ct. 2455, 2468, 183 L. Ed. 2d 407 (2012).[1] Mr. Whitfield's term of incarceration is long, but is not a life sentence: he will emerge from incarceration into the free world. The work that Mr. Whitfield does now has value in and of itself and will prepare him for that time.

---

[1] The defendant in *Miller* was 14 years old at the time of his crime.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 108, and to mail a copy of this order to Mr. Whitfield by first class mail.

SO ORDERED.

Dated: December 5, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge